IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

WAYNE ELBERT MEADE, SR., et al.   :
                                  :
v.                                :   Civil Action WMN-00-3704
                                  :
WAYNE CURRY, et al.               :

**MEMORANDUM**

Before the Court is Defendant Wayne Curry's Motion to Dismiss Based Upon Public Official Immunity (Paper No. 3). Plaintiffs have opposed the motion[1] and it is ripe for decision. Upon a review of the pleadings and the applicable law, the Court determines that no hearing is necessary (Local Rule 105.6) and that Mr. Curry's motion will be granted.

This action arises out of the failure of Defendant medical personnel to correctly diagnose Plaintiff Wayne Meade's condition when they responded to a 911 call in the early morning hours of January 1, 1998. As a result of this failure, Mr. Meade, who suffered a stroke, was unable to receive therapy which may have led to a near-full recovery.

Plaintiffs filed this suit against Prince George's County EMT medics Diane Funk and Carter Anderson, the Allentown

---

[1] The Court notes that Plaintiffs' opposition was not timely filed. Defendant Curry filed his motion to dismiss on February 28, 2001, making Plaintiffs' opposition due March 19, 2001. See Local Rule 105.2(a) and Fed. R. Civ. P. 6(e). Plaintiffs, however, did not file their opposition until April 13, 2001, and then only after this Court notified Plaintiffs' counsel that his status as a member of this Court had lapsed.

1

Volunteer Fire Department, and Wayne Curry in his capacity as Prince George's County Executive.  In their complaint, Plaintiffs bring a claim under 42 U.S.C. § 1983, as well as state law claims of gross negligence, respondeat superior, and injury to marital relationship.  Mr. Curry responded to Plaintiffs' complaint by filing a Rule 12(b)(6) motion to dismiss on the grounds that the doctrine of public official immunity shields him from liability.

When reviewing a Rule 12(b)(6) motion to dismiss, the court must presume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiff and must view the allegations in a light most favorable to the plaintiff.  Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999).  The complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Finally, in ruling on the motion, the Court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice.  Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1412 (4th Cir. 1995), vac. on other grounds, 517 U.S. 1206 (1996).

Section 5-507(b)(1) of the Maryland Courts and Judicial Procedure Article states, in pertinent part, that

> [a]n official of a municipal corporation,
> while acting in a discretionary capacity,
> without malice, and within the scope of the
> official's employment or authority shall be
> immune as an official or individual from
> any civil liability for the performance of
> the action.

There is no dispute that Mr. Curry, as the Executive of Prince George's County, is a public official. Plaintiffs also do not dispute that the acts of Mr. Curry at issue were discretionary. What is in dispute is whether Mr. Curry acted with malice, as defined within the context of section 5-507(b)(1).

According to Mr. Curry, section 5-507(b)(1) malice refers to "actual malice" and requires a showing of ill will or evil intent. Mr. Curry further asserts that Plaintiffs must, and have failed to, plead specific factual allegations sufficient to demonstrate such malice. Plaintiffs disagree with Mr. Curry's definition and argue that section 5-507(b)(1) requires only the intentional doing of a wrongful act without legal justification or excuse. Plaintiffs' definition is at odds with Maryland law.

In Maryland, "[t]he actual malice required to defeat official immunity requires an act without legal justification or excuse, but with an evil or rancorous motive influenced by hate, the purpose being to deliberately and wilfully injure the plaintiff." Williams v. Mayor & City Council of Baltimore, 359 Md. 101, 131 n.16 (2000) (quoting Leese v. Baltimore County, 64

Md. App. 442, 480, cert. denied, 305 Md. 106 (1985), overruled on other grounds by Woodruff v. Trepel, 125 Md. App. 381 (1999)) (emphasis added).  See also Thacker v. City of Hyattsville, 135 Md. App. 268, 300, cert. denied, 363 Md. 206 (2000); City of District Heights v. Denny, 123 Md. App. 508, 516 (1998).  To establish actual malice, "the plaintiff must point to specific evidence that raises an inference that the defendant's actions were improperly motivated."  Thacker, 135 Md. App. at 301.  The mere assertion that an act was done with malice is insufficient.  See Green v. Brooks, 125 Md. App. 349, 377 (1999).

In the instant case, Plaintiffs' complaint is devoid of any allegations relating to individual actions of Mr. Curry, much less specific acts that could show that he acted with malice or was motivated by an evil intent.  Absent such a showing, Mr. Curry's motion to dismiss must be granted.

A separate order consistent with this Memorandum will issue.

                                           _____
                                           William M. Nickerson
                                           United States District Judge

Dated: June 14, 2001